**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL D. COLEMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No. 05-CV-0493-CVE-SAJ** |
| | ) |
| **THE PRUDENTIAL INSURANCE** | ) |
| **COMPANY OF AMERICA,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is defendant Prudential Insurance Company of America's 12(b)(6)

Motion to Dismiss (Dkt. # 9).  Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, to dismiss plaintiff's claims based on defendant's alleged failure to provide him

with disability benefits under the terms of a group policy issued by defendant to his employer.

**I.**

On August 8, 2005, plaintiff filed a civil petition against defendant in the District Court for

Tulsa County.  In that petition, plaintiff claims defendant breached its obligations to pay disability

benefits under a disability insurance contract and breached an agreement with plaintiff to pay the

attorney's fees associated with a request for Social Security benefits.  Defendant filed a notice of

removal on August 30, 2005 on the ground that the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. §§ 1001- 1461, preempts plaintiff's state law claims.  Defendant now moves

under Rule 12(b)(6) to dismiss those claims on that same ground.

## II.

A motion to dismiss based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207 (10th Cir. 2005). A court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the nonmoving party. E.g., Yanaki, 415 F.3d at 1207. However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Commissioners, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991)).[1]

## III.

Federal courts have recognized two forms of ERISA preemption: complete preemption and conflict preemption. Complete preemption applies where a state law claim for benefits under an employee welfare benefit plan, as that phrase is defined by statute, could have been brought under ERISA's civil enforcement provision contained in 29 U.S.C. § 1132. Felix v. Lucent Tech., Inc., 387 F.3d 1146, 1157 (10th Cir. 2004). Complete preemption is the most potent form of ERISA preemption, transforming a state law claim into a federal claim and, thus, providing a basis for

---

[1]    Defendant appended a copy of the relevant plan, but the Court has not consulted the plan in making its dismissal determination. Therefore, conversion of defendant's motion to dismiss to a Rule 56 motion for summary judgment is not necessary. See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

2

removal from state to federal court.  Id. at 1156 ("[T]he preemptive force of [section 1132] of ERISA is so 'extraordinary' that it converts a state claim into a federal claim for purposes of removal and the well-pleaded complaint rule."); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1075 (7th Cir. 1992) (noting that the foundation for removal when ERISA completely preempts a state claim is "the creation of federal law to replace state law.").  Conflict preemption, in contrast, operates as a defense to state claims that "relate to any employee benefit plan" under 29 U.S.C. § 1144, but is not grounds for removal.  See Sonoco Products Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 371 (4th Cir. 2003) ("[C]onflict preemption [under section 1144] does *not* provide a basis for federal jurisdiction.  Rather, it provides a defense to a state law claim that may be asserted in state court.") (emphasis in original).

Defendant moves to dismiss both of the claims contained in plaintiff's state court petition on the ground that ERISA preempts them.  Plaintiff concedes that his claims are governed by ERISA, but objects to dismissal on the ground that defendant wrongly assumes that plaintiff's claims are state claims simply because they were brought in state court.   The Court addresses the claims raised in plaintiff's state court petition in turn.

Plaintiff's first claim alleges that defendant arbitrarily and wrongfully breached an existing disability insurance contract by denying continued payment of long term disability benefits to him. The Court does not specifically address the question of whether plaintiff's petition states a claim under federal or state law, for the result is the same in either case.  If the first cause of action is a federal claim for relief under ERISA, dismissal is inappropriate.  If it is a state claim for breach of contract, dismissal is, likewise, not the proper result.  Having relied upon the conversion of

plaintiff's claim for disability benefits into a federal claim for the purposes of removal,[2] defendant may not now argue that the claim has transformed back into a state claim and must  be dismissed because of federal preemption.   Another district court in this circuit has aptly explained the deficiencies in the result defendant urges:

> It would be anomalous indeed to permit a defendant to both remove a case to federal court because the state law cause of action has been converted into a federal claim and then have it dismissed because the area of law into which the plaintiff's claims fall have been preempted by federal law.   One or the other result is perfectly reasonable, and in fact required by the precedent. Both at once, however, would defy both logic and equity.

LaFayette v. Cobb, 385 F. Supp. 2d 1152, 1160 (D.N.M. 2004).  Plaintiff's first claim, now federal in nature by virtue of ERISA's preemptive sweep, is properly construed as a claim pursuant to the civil enforcement provision at 29 U.S.C. § 1132, since it seeks to recover benefits or enforce his rights under the terms of an ERISA plan.  Accordingly, the Court denies defendant's motion to dismiss plaintiff's first claim and treats it as a claim brought pursuant to section 1132, whether that was plaintiff's initial intent or not.  See Nadworny v. Shaw's Supermarkets, Inc., 405 F. Supp. 2d 124, 139 (D. Mass. 2005) (denying Rule 12(b)(6) motion to dismiss on state law claims completely preempted by ERISA's civil enforcement provision and permitting plaintiff to amend complaint); LaFayette, 385 F. Supp. 2d at 1160 (denying motion to dismiss claim for breach of contract that was converted to a federal claim on removal); Carducci v. Aetna U.S. Healthcare, 247 F. Supp. 2d 596, 607 (D.N.J. 2003) (deeming it appropriate to forego dismissal without prejudice to permit plaintiff to recharacterize state law claim claims as ERISA claims and, instead, proceeding with pending

---

[2]      Had plaintiff's first claim not been subject to complete, rather than conflict, preemption, then it could not have been the basis for removal to federal court.

case, treating state claims as ERISA claims), *rev'd on other grounds*, <u>Levine v. United Healthcare Corp.</u>, 402 F.3d 156 (3d Cir. 2005).

The second cause of action in plaintiff's petition asserts that defendant assured plaintiff that it would cover the legal expenses incurred in seeking assistance to secure Social Security benefits. The petition contains no reference, however, to any ERISA provision plaintiff seeks to enforce and alleges none of the elements necessary for an actionable ERISA claim.  While plaintiff's claim articulates a grievance arising out of a dispute over the allocation of benefits under a disability benefits plan and represents that defendant stood to benefit from plaintiff's receipt of Social Security benefits, there is no allegation that defendant made its promise to reimburse plaintiff pursuant to a provision of the disability insurance contract at issue.  Thus, plaintiff's claim is, at most, a contract claim for payment of attorney fees promised by defendant in the context of a dispute over benefits. Under the expansive reading accorded by courts to section 1144's "relate to" language, <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 208 (2004), that claim for attorney fees is subject to the defense of conflict preemption and, for that reason, the Court grants defendant's motion to dismiss that claim. <u>See</u> <u>LaFayette</u>, 385 F. Supp. 2d at 1160 (granting motion to dismiss state law claims subject to section 1144's conflict preemption provisions).

## IV.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 9) is hereby **granted in part** and **denied in part**:  it is granted as to plaintiff's state law claim for reimbursement of legal fees; it is denied as to plaintiff's contract claim for disability benefits, properly construed as an enforcement action pursuant to 29 U.S.C. § 1132.  The Court will issue a scheduling order forthwith.

5

**DATED** this 19th day of May, 2006

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT